UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SIR GIORGIO SANFORD CLARDY,

    Plaintiff,

v.

CATHY BRYANT-KAAE, et al.,

    Defendants.

Case No. 2:16-cv-02092-CL

ORDER

AIKEN, District Judge:

    Plaintiff, an inmate at Oregon State Penitentiary, filed this civil rights action pursuant to 42 U.S.C. § 1983 and applied to proceed in forma pauperis. Plaintiff's application was granted and the court twice allowed plaintiff to amend his complaint to cure numerous deficiencies. Plaintiff also was advised that failure to file a second amended complaint curing the noted deficiencies would result in the dismissal of this proceeding. After review of plaintiff's second amended complaint, it remains deficient and this action is dismissed.

    In response to the court's recent order, plaintiff simply replaced the first page of his amended complaint and refiled it as his "Second Amended Verified Complaint." Plaintiff did not amend his allegations or otherwise comply with the court's order. Plaintiff's second amended complaint remains 62 pages of narrative allegations and conclusory legal statements.

1 - ORDER

As noted in the court's previous order, plaintiff's conclusory allegations do not state a claim. Plaintiff purports to allege that defendants denied him access to legal resources and impeded his ability to pursue Case No. 3:13-cv-1158-CL. Specifically, plaintiff alleges that defendants failed to provide access to a telephone book, bar directory, and legal materials and failed to make a collect telephone call to a potential attorney. Sec. Am. Compl. at 5-21.

To state a claim for relief, plaintiff must allege an actual injury arising from defendants' actions; namely, that defendants' conduct hindered a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). As explained previously, plaintiff does not explain how defendants' alleged conduct hindered his litigation efforts; instead, he simply quotes verbatim the grievances he submitted to defendants regarding his claims and makes conclusory legal assertions.

Moreover, Case No. 3:13-cv-01158-CL was dismissed after plaintiff refused to participate in a properly-noticed deposition. *See* Case No. 3:13-cv-01158-CL (ECF Nos. 118, 125). The court rejected plaintiff's excuses for leaving the deposition and dismissed his claims with prejudice. Therefore, plaintiff's allegations fail for this reason as well.

## CONCLUSION

Plaintiff's allegations fail to state a claim and he has been afforded two opportunities to cure the deficiencies. Accordingly, this action is DISMISSED.

IT IS SO ORDERED.

DATED this 13 day of November, 2017.

Ann Aiken
United States District Judge